CHARLES F. GROTHE, APPELLEE, v. JAMES K. LANE, APPEL-
LANT.

FILED NOVEMBER 22, 1906.    No. 14,518.

Contracts: CONSTRUCTION. A contract should be construed to give effect to the intention of the contracting parties, keeping in mind the situation of the parties, the property which is the subject matter of the contract, and the use to which it is being applied.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. Affirmed.

G. H. Hastings and F. I. Foss, for appellant.

Abbott & Abbott and Ray J. Abbott, contra.

JACKSON, C.

On April 4, 1901, the plaintiff purchased of the defendant a mill property in Saline county consisting of some 45 acres of land, the mill buildings, dam and race. That portion of the description in the deed pertinent to the inquiry is as follows: "Also the right of flowage of said mill-race and of the tail-race of said mill hereinafter

conveyed, and the right to maintain said mill-race and the tail-race thereof as they now stand." It appears from the evidence that the water to operate the mill is taken from a running stream at a distance of a mile or more from the mill and is conducted to the mill by a race. Above the mill had been constructed, along a portion of one side of the race, a dike to prevent the water from overflowing adjacent lands. This dike had been constructed and maintained for some years prior to the time when the defendant became possessed of the property. In the year 1894 or 1895 the defendant constructed an inner dike, not so wide or high as the original one, leaving a space between the two dikes covering a fraction more than an acre of land. The defendant still owns land joining the outer dike. It also appears that prior to the commencement of this action, and after the sale to the plaintiff, the defendant had plowed and cultivated the outer dike, which had the effect to lessen its height and impair its utility as a means of preventing the overflow of water in case of flood or high water. This action was instituted by the plaintiff to obtain an injunction restraining the defendant from interfering with the dike and destroying its usefulness. A temporary injunction was allowed by the county judge. On the trial the temporary injunction was made permanent. The defendant appeals.

The real controversy is as to whether the premises conveyed included the outer dike or whether they were limited to the inner dike. It will be observed from the character of the deed that parol evidence was necessary to establish the boundaries of the mill-race. The evidence introduced on behalf of the plaintiff tends to prove that the boundary of the race, as agreed upon by the plaintiff and defendant at the time of the sale, was the outer dike; that while the water was at its normal stage the inner dike was sufficient to prevent an overflow, but in cases of high water the water would overflow the inner dike but be restrained by the outer dike within the mill-race proper. The evidence also tended to show that, if the water was

permitted to overflow, it would result in damage and possible destruction of the mill property. On behalf of the defendant the evidence tended to prove that the inner dike was agreed upon by the parties as the outer limit of the mill-race, and that the property conveyed extended to or included the inner diké only. It also appears in evidence, without conflict, that at the time the plaintiff purchased the premises the water was at a normal stage and extended only to the inner dike. Upon the conflicting evidence the trial court found for the plaintiff. The witnesses as to the actual contract testified in open court, their credibility was a matter that the trial judge was in a far better position to determine than the appellate court, and we are not disposed to disturb the finding.

It is urged, however, that, because of the fact that when the deed was made the water in the mill-race extended only to the inner dike, the description quoted from the deed must limit the plaintiff's boundary to the outer edge of the water as it then flowed. This contention was determined in the trial court adversely to the defendant, and the construction of the contract adopted was, without doubt, correct. It was plainly the duty of the court to construe the contract in the manner that would give effect to the evident purpose or intention of the contracting parties, keeping in mind the situation of the parties at the time the contract was made, the property which was the subject matter of the contract, the use to which it was being applied, and the probability that it was not the intention of the parties to enter into a contract that would be likely to result in damage or the possible destruction of the property. Plainly the words "as they now stand," appearing in that portion of the deed quoted above, were intended by the parties to apply to the right to maintain the mill-race and the tail-race, and were not intended to limit the right of flowage to the stage at which the water then stood. The outer dike, being necessary to protect the race in times of high water, was as much a

part of the race as it then stood as the natural bank, where no dike was necessary.

We are satisfied that the conclusion reached by the trial court is correct, and recommend that the judgment be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.